Winfrey C. Smith, Jr. v. Commissioner.
Smith v. Commissioner
Docket No. 26711.
United States Tax Court
1951 Tax Ct. Memo LEXIS 273; 10 T.C.M. (CCH) 306; T.C.M. (RIA) 51094; April 3, 1951
*273 Winfrey C. Smith, Jr., pro se. Thomas A. Steele, Jr., Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: This case involves income tax for the calendar year 1947. Deficiency was determined in the amount $74of. Petitioner's return was filed with the collector at St. Paul, Minnesota. The only question presented is whether petitioner is entitled to an exemption because of the dependency of his mother. From evidence adduced we find the facts as follows: Petitioner resides in Minneapolis, Minnesota. His mother, Mrs. Catherine Smith, resides in East Liverpool, Ohio, and in 1947 either she or her husband owned the home there in which she lived. During the first six months of 1947 petitioner lived with his mother in East Liverpool, Ohio; the latter part of 1947 he lived in Minneapolis. In his income tax return for 1947 petitioner claimed exemptions for his mother and also his step-daughter, Beverly Jane Smith. In respondent's notice of deficiency both claimed exemptions were disallowed. In his petition, petitioner contests only the Commissioner's disallowance of the exemption relating to his mother, and at the hearing no evidence was offered as to *274 the dependency of his step-daughter. During 1947 petitioner had one sister living in Youngstown, Ohio, (36 miles from East Lincoln, Ohio) and another in Steubenville, Ohio. During 1947 petitioner's sisters visited their mother. Petitioner's total income for 1947 was $977.07, which amount he reported in his income tax return. There is no evidence that petitioner's mother's income for 1947 was less than $500, or that he contributed over half of his mother's support in that year. From the evidence we are unable to determine what amount, if any, petitioner contributed to his mother's support in 1947. He testified, "I'd say roughly over a period of a year I gave my mother $1,500", but when asked whether this was contributed to her monthly or quarterly, he answered, "I just gave it to her". He produced no corroborating evidence that he gave or paid his mother anything during 1947. He testified that the $977.07, his gross income as reported in his income tax return, was his total income for that year, and he offered no explanation of how he managed to supply his mother in 1947 with the funds that exceeded his entire income for that year by more than $500. His complete failure to justify *275 his statement that he gave his mother $1,500 during 1947, when under his own admission he earned less than two-thirds of that amount, casts a shadow over petitioner's entire testimony. It becomes unnecessary, however, for us to determine the contribution made by petitioner to his mother, since he has failed in two respects to meet his burden of proof in showing himself under the code eligible to take deduction for her support. In order for petitioner to prevail, it was incumbent upon him to have proved that during 1947 his mother had gross income of less than $500. (Section 25 (b) (1) (C) of the Internal Revenue Code, as amended.) This he not only failed to do, but he freely admitted that he did not know how much his mother's income was during 1947. He did testify that she was employed in doing household work during that year. In order to sustain his position here, petitioner would also have to show that he furnished over half of the cost of the support of his mother in 1947. (Section 25 (b) (3) (D) of the Internal Revenue Code, as amended.) Petitioner offered no evidence as to what the amount of his mother's living expenses were during *276 1947, and we are unable to ascertain from the evidence whether or not he contributed over half of the cost of her support during that year. We therefore conclude and hold that the petitioner has failed to meet his burden of proof and has not shown error on the part of the Commissioner in the determination of the deficiency. Decision will be entered for the respondent.